UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS INC,

　　　　　　　Plaintiff(s),

　　v.

WESCO DISTRIBUTION INC,

　　　　　　　Defendant(s).

CASE NO.
2:25–cv–02479–KKE

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for Federal Rule of Civil Procedure ("FRCP") 26(f) Conference: | 6/17/2026 |
| Initial Disclosures[1] Pursuant to FRCP 26(a)(1): | 7/1/2026 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 7/8/2026 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by email to Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov. If Defendants have appeared, the parties are directed to meet and confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of FRCP

---

[1]Initial Disclosures are <u>not</u> to be filed.

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT – 1

26(a) and 26(f), please notify Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov.

## II. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the beginning of the case, and a copy is delivered by the clerk to counsel for Plaintiff (or Plaintiff, if *pro se*) and any defendants who have appeared. Plaintiff's counsel (or Plaintiff, if *pro se*) must serve copies of this Order on all parties who appear after this Order is filed. Service must occur within 10 days after each appearance. Plaintiff's counsel (or Plaintiff, if *pro se*), is responsible for starting the communications needed to comply with this Order.

## III. PROCEDURAL INFORMATION

All counsel and unrepresented parties must review and abide by the applicable Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, and Judge Evanson's Chambers Procedures for Civil Cases, which can be found on the Court's website at https://www.wawd.uscourts.gov. Failure to follow the Local Rules and General Orders may result in sanctions.

## IV. CHAMBERS PROCEDURES

A.    *Communications With Chambers*

Parties should direct inquiries to Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov. All parties must be copied on emails when communicating with the Courtroom Deputy. Ex parte communications with chambers involving any matter other than checking on a decision on a motion under Local Rules W.D. Wash. 7(b)(5) or settlement are strongly discouraged.

B.    *Courtesy Copies*

Courtesy copies are required for pleadings that in the aggregate (*i.e.*, the brief plus any declarations or exhibits) are longer than 50 pages, trial exhibits, or upon Court

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES,
JOINT STATUS REPORT, AND EARLY SETTLEMENT – 2

request. If a party believes that courtesy copies may be helpful, such as for complex graphs or images best viewed in color, the party may submit a courtesy copy to chambers for the Court's ease of reference. The courtesy copy must be the version of the document with the header generated by CM/ECF, as this header includes important information (*i.e.*, case number, document number, page number, date filed, etc.). Courtesy copies shall be printed double−sided. Courtesy copies should be three−hole punched, tabbed, and placed in a binder or otherwise bound.

      C.      *Cross−Motions*

The Court encourages parties filing cross−motions to agree to an alternate briefing schedule allowing for four briefs (one cross−motion, second cross−motion/opposition, opposition/reply, and reply) rather than a full six briefs (motion, opposition, and reply for each cross−motion). If the parties can reach an agreement on such a schedule and any necessary adjustments to the page/word limits, they shall submit a stipulated motion and proposed order for the Court's approval.

      D.      *Discovery Disputes*[2]

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. If agreement is not possible, prior to the filing of any discovery motions, the Court directs the parties to request a conference with the Court. *See* FRCP 16(b)(3). The moving party must submit a joint statment to the Court briefly identifying the issue(s) in dispute. The joint statement shall be no more than three pages and shall be filed via CM/ECF. Thereafter, the moving party should contact Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov to schedule a conference.

_____

[2] Matters where a party is proceeding *pro se* are exempted from this procedure. In those cases, parties may file discovery motions directly and note them according to Local Rules W.D. Wash. LCR 7(d).

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES,
JOINT STATUS REPORT, AND EARLY SETTLEMENT – 3

E.      In Camera *Review*

If the Court orders a party to submit documents for *in camera* review, the party shall email an electronic copy of the documents to Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov. The party shall also deliver a physical copy of the documents to chambers, clearly marked for *in camera* review to avoid inadvertent filing on the docket.

F.      *Privacy*

Pursuant to LCR 5.2(a), all parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the Court or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court:

- Dates of Birth – redact to the year of birth, unless deceased.

- Names of Minor Children – redact to the initials, unless deceased or currently over the age of 18.

- Social Security or Taxpayer Identification Numbers – redact in their entirety.

- Financial Accounting Information – redact to the last four digits.

- Passport Numbers and Driver License Numbers – redact in their entirety.

   Parties in social security appeals and immigration cases shall comply with LCR 5.2(c).

G.      *Oral Arguments*

The Court will generally grant requests for oral argument and will also generally grant requests for status or scheduling conferences. While the Court prefers to hold arguments in person, particularly on dispositive motions, the Court will consider requests for remote hearings. When the Court sets an oral argument on a pending motion, the Court will renote the motion for the day of the argument.

The Court also encourages opportunities for junior attorneys and Rule 9 licensed

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT – 4

legal interns to appear and to argue in Court, accompanied and supervised by a more experienced attorney. Requests for leave for Rule 9 interns to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

All requests pertaining to oral argument should be submitted via email to Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov.

H.      *Stipulated Extensions of Deadlines*

Please contact Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov before requesting a continuance of a trial date to a future date certain, to ensure the Court's availability. After the parties obtain an approved new trial date from Ms. Staples, the parties may file a stipulated motion for a continuance. If the Court grants the stipulated motion for a continuance, it will issue an amended case schedule using its standard offset dates (detailed in the Chambers Procedures for Civil Cases document on the docket). If any of the deadlines in the amended case schedule cause an irreconcilable conflict, the parties may request amendment within 14 days after the amended case schedule is entered.

I.      *Motions in Limine*[3]

All motions in limine shall be submitted in a joint brief that: (1) contains an introductory statement summarizing the case and the context for any disputes, with each side drafting its own statement if they cannot agree; and (2) presents each motion under a separate heading, below which the moving party will state its position and supporting legal authority, and the opposing party will do the same below that. Any agreed motions shall be noted as such. The joint brief must not exceed 12,600 words,

_____

[3] Matters where a party is proceeding *pro se* are exempted from this procedure. In those cases, parties shall file motions in limine according to the briefing schedule set forth in Local Rules W.D. Wash. LCR 7(d).

excluding caption, date line, and signature block, with each party contributing no more than 6,300 words. Each party may submit a declaration with the joint brief, as necessary.

## V. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by July 8, 2026. This conference shall be by direct and personal communication, whether that be an in–person or virtual face–to–face meeting or a telephonic conference. Conferring by email is not sufficient. The Report will be used to set a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for joining additional parties.

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Magistrate Judge Rule 13, to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at https://www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable Brian A. Tsuchida may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no." Individual party responses should not be provided. A "yes" response should be indicated only if all parties consent. Otherwise, a "no" response should be provided.

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in FRCP 26(f)(3) and Local Civil

Rule 26(f)(1), which includes the following topics:

(A) prompt case resolution;

(B) alternative dispute resolution;

(C) related cases;

(D) initial disclosures;

(E) subjects, timing, and potential phasing of discovery;

(F) electronically stored information (the Court expects the parties to work cooperatively on ESI search terms and protocols and to disclose to each other the search terms and protocols used in responding to discovery);

(G) privilege issues;

(H) proposed limitations on discovery;

(I) the need for any discovery–related orders; and

(J) pahasing of any motion on dispositive issues.

5. The date by which discovery can be completed.

6. Whether the case should be bifurcated (*e.g.,* by trying the liability issues before the damage issues, or bifurcated in any other way).

7. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

8. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

9. Any other suggestions for shortening or simplifying the case.

10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

11. Whether the trial will be jury or non–jury.

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES,
JOINT STATUS REPORT, AND EARLY SETTLEMENT – 7

12. The number of trial days required.

13. The names, addresses, and telephone numbers of all trial counsel.

14. The dates on which trial counsel may have complications to be considered in setting a trial date.

15. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

16. If the Court elects to set a scheduling conference in this case before issuing a case schedule, please advise as to issues any party would address at such a conference.

17. The date(s) that each nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and Local Civil Rule 7.1.

18. A certification that all counsel and any *pro se* parties have reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and Judge Evanson's Chambers Procedures for Civil Cases.

19. A certification that all counsel and any *pro se* parties have reviewed and complied with Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Courtroom Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov.

## VII. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Judge Evanson's Courtroom Deputy at KKEcrd@wawd.uscourts.gov.

ORDER REGARDING INITIAL DISCLOSURES, CHAMBERS PROCEDURES,
JOINT STATUS REPORT, AND EARLY SETTLEMENT – 8

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

Dated this 27th day of May 2026.

Honorable Kymberly K. Evanson
United States District Judge